IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: )<br>)<br>UAL CORPORATION, et al., )<br>)<br>Debtors/Appellees. )<br>_____ )<br>)<br>INDEPENDENT FIDUCIARY )<br>SERVICES, INC., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>UAL CORPORATION, et al., )<br>)<br>Appellees. ) | Case No. 05 C 0181<br><br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an order of the bankruptcy court of December 9, 2004, by Independent Fiduciary Services, Inc. ("IFS"). The Debtors, UAL Corporation, *et al.* ("United"), filed a Motion to Dismiss for Lack of Jurisdiction. For the reasons that follow, United's Motion to Dismiss is denied. The December 9, 2004 order of the bankruptcy court is affirmed.

### BACKGROUND

Beginning in January 1986 through June 2004, a committee of United employees, called the Pension and Welfare Plan Administration Committee ("PAWPAC"), was vested with United's fiduciary responsibilities as administrator of its pension plans. On December 9, 2002, United filed for Chapter 11 protection. In June 2004, the members of PAWPAC resigned. At that time, United and the Department of Labor ("DOL") engaged in discussions regarding the ongoing administration

of the pension plans. United and the DOL agreed that the employees and retirees for whose benefit the pension plans were created would best be served by the appointment of an independent fiduciary. In August 2004, United and the DOL entered into an Agreement for Appointment of Independent Fiduciary (the "DOL Agreement"). The DOL Agreement required that the independent fiduciary be granted the following powers and exercise the following duties:

> (1) Review the Plans' funding policies and, if appropriate, make recommendations to the United Board;
> (2) Investigate and analyze, and in its sole discretion pursue or assert any and all claims, obligations, debts or liabilities owing to the Plans arising out of, in connection with or to enforce the funding or contribution provisions of the Plans; and
> (3) Take such action as it deems appropriate, including initiation of litigation with respect to breaches of fiduciary duty it discovers in its investigation that are not related to funding or contribution issues.

After an interview process, United, with the concurrence of the DOL, selected IFS to act as the independent fiduciary of United pension plans.

On September 3, 2004, United and IFS entered into a Fiduciary Services Agreement ("FSA"), among other things, that IFS's duties, as the independent fiduciary of the pension plans, are substantially those contained in the DOL Agreement. Under the FSA, IFS has the responsibility to review United's records and to assert all claims on behalf of the plans relating to the minimum funding contribution obligations. In carrying out these duties, IFS "may take such steps as it deems necessary . . . including: on behalf of the plans, commencing, appearing in and settling litigation . . . relating to Contribution Issues in any forum . . . and to participate in and fully exhaust all avenues of appeal." However, the FSA also states that IFS has no duty or authority in "deciding

whether to terminate, amend or 'freeze' any one or more of the Plans, or to take any action with respect or in response to such a decision made by any other person, entity or government agency."

In November 2004, United filed a motion in the bankruptcy court seeking authority to reject the collective bargaining agreements of all six of its unions pursuant to Section 1113 of the Bankruptcy Code. IFS sought to participate in the Section 1113 discovery and proceedings and filed a motion to participate in all discovery and proceedings relating to United's motion to reject its CBAs. In its motion, IFS asserted that it needed to participate in the Section 1113 proceedings because United was seeking to terminate its obligations under the various CBAs to maintain the pension plans that IFS is obligated under the FSA to, on behalf of the pension plans, assert or settle any claims, obligations, debts or liabilities owing to the pension plans, including enforcing the funding or employer contribution requirements.

On December 9, 2004, a hearing on IFS's motion was held. The bankruptcy court denied IFS's motion. The bankruptcy court noted that the Section 1113 process presents a matter involving only the parties to the CBAs -- the unions and United. Furthermore, only a party such as the Pension Benefit Guaranty Corporation (a United States Government corporation which administers a self-financing pension plan termination insurance program) may intervene in the Section 1113 proceedings to the extent that the proceedings would be either *de facto* or *de jure* determinative of a fact important to a subsequent hearing on the distress termination. In addition, IFS is not a party in interest in connection with the distress termination proceedings; and IFS's duties, as defined by its agreement with United, excluded IFS's participation in termination proceedings.

Subsequently, IFS filed the instant appeal. In addition, the members of four of the six unions ratified, and the bankruptcy court has approved, agreements that modify United's CBAs to provide

long-term labor savings and, except for the AFA, agreed not to contest termination of their respective pensions plans on or after May 11, 2005. In the absence of a negotiated resolution, United anticipates it will re-file its Section 1113 motion with respect to the remaining unions and on pension issues solely with the AFA. United will also file a motion seeking termination of all of its defined benefit pensions on April 11, 2005. A hearing on both motions is set to begin May 11, 2005.

## ANALYSIS

Section 158 of Title 28 provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees." 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Carslon v. Brandt*, 1997 WL 5354500 (N.D. Ill. Aug. 22, 1997) (*Carlson*). In bankruptcy proceedings, the reviewing court looks at the finality of an order with a "relaxed eye" and interprets the finality requirement more liberally under Section 158 than under 28 U.S.C. § 1291. *See In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298 (7th Cir. 1997).

IFS argues that the denial of its motion, for all practical purposes, was the same as an order denying a party's motion to intervene, which is final and appealable. *See B.H. v. Murphy*, 984 F.2d 196, 199 (7th Cir. 1993) (order denying intervention is final and appealable). United argues that the denial of IFS's motion was not the equivalent of a denial for intervention because IFS is not an interested party pursuant to the terms of the FSA.

United's argument that IFS is not an interested party goes to the heart of the bankruptcy court's decision that IFS is seeking to appeal. Accordingly, any consideration of United's argument would necessarily result in a review of the bankruptcy court's finding that IFS's was not a party in interest to the Section 1113 proceedings. The bankruptcy court's denial of IFS motion to participate

4

in the Section 1113 proceedings was, for all practical purposes, the equivalent of a denial of an order denying intervention and is appealable.

Furthermore, even if the order was not final and appealable under Section 158, the bankruptcy court order would be appealable under the "collateral order" exception. The collateral order exception provides that a limited class of prejudgment orders that are sufficiently important and sufficiently separate from the underlying dispute are immediately appealable. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987) (*Stringfellows*). A prejudgment order is reviewable under the exception if the decision: (1) conclusively determines a disputed question, (ii) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from the final judgment. *See Stringfellow*, 480 U.S. at 375.

Here, the bankruptcy court's order conclusively determined a disputed question, resolved a question separate from the merits of the action, and is effectively unreviewable on appeal from the final judgment. United's argument that the decision is not effectively unreviewable on appeal from the final judgment because IFS is still involved in the United bankruptcy proceedings is without merit. IFS's continued involvement in the bankruptcy proceedings concerning the contributions now due and owing would not render the denial of IFS's motion to partake in the Section 1113 appealable upon final judgment. Accordingly, jurisdiction to review the bankruptcy court's order exists via the collateral order exception.

The determination whether a party is an "interested party" and the interpretation of a contract are reviewed *de novo*. *See In re Fedpack Sys., Inc.*, 80 F.3d 207, 211 (7th Cir. 1996); *HA-LO Indus., Inc. v. Centerpoint Prop. Trust*, 342 F.3d 794, 797 (7th Cir. 2003).

IFS argues that the bankruptcy court erred in finding that IFS was not an interested party in the Section 1113 hearings and that IFS's interests would be adequately protected by others involved in the Section 1113 proceedings.

Section 1113 of the bankruptcy code provides for the rejection of a CBA. 11 U.S.C. § 1113(a). "All interested parties may appear and be heard at" a hearing on a petition to reject a CBA. 11 U.S.C. § 1113(d)(1). An "interested party" is substantially the same as a "party in interest" under Section 1109(b) of the bankruptcy code. *See In re Sandhurst Securities, Inc.*, 96 B.R. 451, 455 (S.D.N.Y. 1989). A "party in interest" to a bankruptcy proceeding is generally anyone holding a direct financial stake in the outcome of the bankruptcy case or some other legally protectible interest that could be affected by the bankruptcy proceedings. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002); *In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1391 (7th Cir. 1996).

United argues that the FSA specifically prohibits IFS from becoming involved in litigation over the terminations of the pension plans. The FSA specifically provides that IFS has *no* duty or authority with respect to deciding "whether to terminate, amend or 'freeze' any one or more of the Plans . . ." However, the Section 1113 petition seeks to reject the CBA, not terminate the pension plans. If United seeks to terminate the pension plans if the CBAs are rejected, United must file a separate motion in the bankruptcy court seeking to terminate the pension plans under ERISA. If United prevails on this separate motion, United would then have to seek to terminate the pension plans before the PBGC pursuant to Section 4041(c) of ERISA, 29 U.S.C. §1341(c). While the Section 1113 hearing is an initial step that United must take in its ultimate objective to terminate the pension plans, the Section 1113 petition does not constitute a decision to terminate, amend or freeze

any of the pension plans as provided in the FSA; rather, it is an attempt to terminate the CBAs. Accordingly, the FSA does not prevent IFS from participating in the Section 1113 proceedings.

IFS argues that it is a party in interest to the rejection of the CBAs because the CBAs require that United fund its pension plans in accordance with Section 412 of the Internal Revenue Code. Therefore, if the CBAs are rejected, IFS would lose a "legal underpinning for their principal source of financial support and will unquestionably be damaged." However, pursuant to ERISA and the Internal Revenue Code, the minimum funding standard requires every employer maintaining a tax-qualified pension fund to fund the plan until it is terminated in amounts determined by the plan's enrolled actuary in accordance with ERISA and the Internal Revenue Code. *See In re Sunarhauserman, Inc.*, 126 F.3d 811, 815 (6th Cir. 1997); 29 U.S.C. § 1082; 26 U.S.C. § 412. Thus, the Section 1113 process does not affect the contributions to be provided to the pension plans, and the contributions that IFS relies upon to support its party in interest argument are protected by law. Instead, the Section 1113 proceedings remove contractual limitations on United's ability to terminate or otherwise change the design of the pension plans of which IFS has no duty or authority to protect. Furthermore, contrary to IFS's argument, the rejection of the CBAs will not be the cause of "financial damage" to the pension plans. The termination of the pension plans, to which IFS is not a party in interest per the FSA, would cause any financial damage to the pension plans and would determine whether United had any future contribution obligations to the pension plans.

IFS also argues that it is a party in interest because it is a third-party beneficiary to the CBAs. However, third-party standing does not mandate that IFS is a party in interest to the rejection or

change of the CBAs because IFS's interest in protecting the contributions is already protected as described above and through IFS's actions it has taken as to contributions due and owing to the pension plans.

Lastly, IFS argues that it would protect interests different from others that are already involved in the Section 1113 proceedings. However, as discussed above, IFS is protecting these interests as to IFS's fiduciary duties via its actions as to contributions due and owing to the pension plans.

Based on the above, the bankruptcy court did not err in denying IFS's motion to participate in the Section 1113 discovery and proceedings.

## CONCLUSION

For the foregoing reasons, United's Motion to Dismiss is denied. The December 9, 2004 order of the bankruptcy court is affirmed.

Date: April 6, 2005

John W. Darrah, Judge
United States District Court